IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-328-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAMUEL C. MADU, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 10) by plaintiff United States of America ("plaintiff"), pursuant to Fed. R. Civ. P. 37(a)(1), for an order compelling defendant Samuel C. Madu ("defendant") to appear, produce documents, and give testimony at a deposition. Plaintiff has filed a memorandum (D.E. 11) in support of its motion. Defendant has not filed a response. The motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* D.E. 12). For the reasons and on the terms set forth below, the motion will be allowed.

## BACKGROUND

Plaintiff commenced this action on 23 April 2011 to collect on unpaid student loan debt. (Compl. (D.E. 1)). Defendant failed to answer or otherwise respond to the complaint, and on 2 August 2011, plaintiff filed a motion for entry of default (D.E. 4), which was allowed by the clerk of court (D.E. 5). On 14 September 2011, plaintiff filed a motion for default judgment (D.E. 6), which was allowed (D.E. 7), and judgment was entered (D.E. 9) against defendant on 22 December 2011.

# DISCUSSION

## I. APPLICABLE LEGAL STANDARDS

In an action to collect federal judgment debt, the United States is permitted to take discovery of the debtor's financial condition in the manner authorized by the Federal Rules of Civil Procedures. 28 U.S.C. § 3015(a). The Federal Civil Rules enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. *See generally* Fed. R. Civ. P. 26-37, 45. Rule 45 outlines the procedure for issuing subpoenas, and directs a party to respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(2)(B), (c)(3); *see also In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

> Rule 26 provides for a broad scope of discovery:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly

2

Case 5:11-cv-00328-D   Document 13   Filed 07/06/12   Page 2 of 4

construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery. Fed. R. Civ. P. 37(a)(1).

## II. PLAINTIFF'S MOTION

The court finds that plaintiff's motion is well grounded. Plaintiff previously served on defendant a notice of deposition and subpoena duces tecum requiring him to appear for a deposition on 23 February 2012 (D.E. 11-1). Defendant did not so appear or otherwise object. Plaintiff is entitled to take defendant's deposition, *see* 28 U.S.C. § 3015(a), and the documents it seeks are manifestly relevant and discoverable (*see* D.E. 11-1 at p. 5). Plaintiff represents that it attempted to confer with defendant, as required by Fed. R. Civ. P. 37(a)(1) and Local Civ. Rule 7.1(c), but that defendant did not respond. The motion will therefore be allowed on the terms set forth below.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to compel (D.E. 10) is ALLOWED. Plaintiff may serve on defendant a deposition subpoena decus tecum with an attached list of documents sought in the same form as the subpoena duces tecum it previously served on defendant (D.E. 11-1 at pp. 4-5), provided that the subpoena specify a date for the

3

deposition and related document production that is at least 14 days from the date of this Order. The subpoena duces tecum shall be served with a notice of the deposition and copy of this Order.

**Defendant is hereby ORDERED to comply with the subpoena duces tecum served pursuant to this Order. Failure by defendant to comply shall subject him to possible civil contempt (including being held in custody pending compliance) and other sanctions.**

SO ORDERED, this the 6th day of July 2012.

_____
James E. Gates
United States Magistrate Judge